COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-355-CR

 

 

SCOTT ANTHONY GOMEZ                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Scott Anthony Gomez appeals his
conviction for aggravated robbery.  We
affirm. 








Akber Tejani was working alone in a convenience
store when appellant walked in wearing a ski mask over his face and mis-matched
gloves on his hands and carrying a metal pipe. 
Appellant struck Akber with the pipe, knocking him to the floor, and
demanded money from the cash register. 
As Akber started to open the register, Rhonda Miller walked in to buy
cigarettes, whereupon appellant exited the store.  Rhonda=s
husband Bryan had been waiting in his truck at the gas pump.  When he saw appellant come out wearing a ski
mask, he yelled, AHey,@ and
appellant took off running.  Bryan went
into the store to check on his wife.  She
confirmed that she was all right, and Akber told him that he had been
robbed.  While Akber dialed 911, Bryan
turned around, chased appellant, and tackled him in a nearby field where he
held him until the police arrived.

Appellant was arrested and charged with
aggravated robbery with a deadly weapon, namely, a steel pipe.  A jury found him guilty and assessed his
punishment at eighteen years=
confinement.  The trial court sentenced him
accordingly. 








In six points, appellant challenges the legal and
factual sufficiency of the evidence to support the deadly weapon finding.  When reviewing the legal sufficiency of the
evidence, we consider all the evidence in the light most favorable to the
verdict and determine whether a rational juror, based on the evidence and
reasonable inferences supported by the evidence, could have found the essential
elements of the crime beyond a reasonable doubt.[2]  When reviewing factual sufficiency, we view
all the evidence in a neutral light, favoring neither party.[3]  We then ask whether the evidence supporting
the verdict, although legally sufficient, is nevertheless so weak that the jury=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the verdict that the jury=s
determination is manifestly unjust.[4]

In his first four points, appellant asserts that
the evidence is legally and factually insufficient to prove that he used or exhibited
a pipe during the offense, or if the evidence is sufficient to show that he did
use a pipe, it is nevertheless legally and factually insufficient to show that
the pipe admitted at trial was the one he used.








Akber testified that a man wearing a mask entered
the store carrying an Airon rod@ or a Ametal
pipe@ curved
into a hook shape on one end, hit him in the chest and on the back with it, and
told him he wanted money from the register. 
The State offered State=s
Exhibit 26 as the pipe used in the robbery and recovered by police in the field
where appellant was caught.  Hood County
Sheriff=s
Investigator Johnny Rose testified that Akber told him that State=s
Exhibit 26 was the pipe that the masked man beat him with.  Bryan Miller testified that after seeing
appellant exit the store, he chased him into a field and tackled him, which
caused him to drop State=s Exhibit 26.  Investigator Rose testified that he had
collected State=s Exhibit 26 from the field
where appellant was arrested and that it was same object that Akber had
identified as the weapon appellant had hit him with.

Viewed in the light most favorable to the
verdict, the evidence is legally sufficient to support a rational juror=s belief
beyond a reasonable doubt that appellant used or exhibited the pipe admitted as
State=s
Exhibit 26 during the robbery.[5]  We, therefore, overrule appellant=s first
and third points.








Having held the evidence legally sufficient, we
now consider whether the evidence is factually sufficient.  Appellant testified that he did not have a
pipe in the store but that he picked one up on the side of the road as he
fled.  Rhonda and Bryan Miller both
testified that they got a close look at appellant leaving the store, but they
did not see him carrying a pipe at that time. 
Rhonda testified that she never saw a pipe.  Bryan testified that he first noticed a pipe
in appellant=s hand when he tackled him in
the field, but on a 911 tape admitted as State=s
Exhibit 34, Bryan=s voice can be heard yelling at
appellant, AYou walked out of that F=n store
with a pipe.@

Akber is the only witness other than appellant
who was present during the robbery.  Only
Akber testified that appellant used the pipe to commit the offense.  Although appellant points to parts of Akber=s
testimony in which he appears to indicate that State=s
Exhibit 26 was not the pipe used in the robbery, at other points in the record,
he repeatedly affirmed that State=s
Exhibit 26 was the same pipe with which he was attacked.

Appellant argues that Akber=s
testimony is not credible because it conflicts at various points in the record
and Akber had difficulty speaking English, therefore, he could not properly
communicate facts to the investigating officers or to the jury. 

In his own testimony, appellant admitted that he
had the pipe in his hand as he fled the scene. 
Investigator Rose testified that he collected State=s
Exhibit 26 from the field where appellant was caught.  After arresting appellant, he showed State=s
Exhibit 26 to Akber, whereupon Akber pointed, nodded his head, and made a
cowering gesture.








Reviewing the entire record in a neutral light
and deferring to the jury=s determination of the weight to
be given conflicting testimonial evidence, we hold that the jury=s
resolution of conflicts in the testimony is not clearly wrong or manifestly
unjust.[6]  Accordingly, we hold that the evidence is
factually sufficient to show that appellant used the pipe admitted as State=s
Exhibit 26, and we overrule appellant=s second
and fourth points.

In his fifth and sixth points, appellant contends
that the evidence is legally and factually insufficient to prove that the pipe,
in the manner of its use or intended use, was capable of causing death or
serious bodily injury.








 A Adeadly
weapon@ is
anything that in the manner of its use or intended use is capable of causing
death or serious bodily injury.[7]  Akber testified that appellant struck him on
the chest and back with State=s
Exhibit 26, knocking him to the floor. 
On the day of the offense, he reported to Investigator Rose how
appellant had hit him with the pipe. 
Investigator Rose testified that, in his opinion, based on his training
and experience, State=s Exhibit 26 was capable of
causing death or serious bodily injury when used in the manner Akber had
described to him.[8]

Viewed in the light most favorable to the
verdict, the evidence is legally sufficient to support a rational juror=s belief
beyond a reasonable doubt that the pipe was capable of causing death or serious
bodily injury in the manner in which it was used.  We overrule point five.

In point six, appellant argues that the evidence
is factually insufficient to prove that the pipe was capable of causing death
or serious bodily injury in the manner in which it was used because Akber
suffered no serious bodily injuries.  By
definition, a deadly weapon need not actually cause serious bodily injury or
death in order to support a deadly weapon finding; it need only be capable
of causing death or serious bodily injury in the manner of its use.[9]  As discussed above, Investigator Rose
testified that based on his training and experience, State=s
Exhibit 26 was capable of causing death or serious bodily injury in the manner
in which it was used or intended to be used.[10]








After examining the entire record, we cannot say
that the great weight and preponderance of all the evidence, though legally
sufficient, contradicts the jury=s
verdict.[11]  Accordingly, we hold that the evidence is
factually sufficient to determine that the pipe used was capable of causing
death or serious bodily injury in the manner in which it was used.  Therefore, we overrule appellant=s sixth
point.[12]

Having overruled all of appellant=s
points, we affirm the trial court=s
judgment. 

 

PER CURIAM

PANEL:  CAYCE, C.J.; DAUPHINOT
and MEIER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 20, 2009











[1]See Tex. R. App. P. 47.4.





[2]Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979); Clayton v. State, 235 S.W.3d 772, 778 (Tex.
Crim. App. 2007).





[3]Neal v. State, 256 S.W.3d 264, 275
(Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 1037 (2009); Watson
v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).





[4]Lancon v. State, 253 S.W.3d 699, 704
(Tex. Crim. App. 2008); Watson, 204 S.W.3d at 414B15, 417.





[5]Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; Clayton, 235 S.W.3d at 778.





[6]Johnson v. State, 23 S.W.3d 1, 8 (Tex.
Crim. App. 2000).





[7]See Tex. Penal Code Ann. ' 1.07(a)(17)(B) (Vernon
Supp. 2008).





[8]See generally Tucker v.
State,
274 S.W.3d 688, 692 (Tex. Crim. App. 2008) (stating that police officers may be
considered experts in what is considered to be a deadly weapon).





[9]See Tex. Penal Code Ann. ' 1.07(a)(17)(B).





[10]See Tucker, 274 S.W.3d at 692.





[11]Watson, 204 S.W.3d at 417.





[12]See Neal, 256 S.W.3d at 275; Watson,
204 S.W.3d at 414.